**UNITED STATES of America**

**v.**

**Chris Edward CHERRY.**

**Crim. A. No. 91–248.**

United States District Court, District of Columbia.

June 21, 1991.

---

James Holloway, Asst. Federal Public Defender, Washington, D.C., for Chris Edward Cherry.

Michael Volkov, David Mills, Asst. U.S. Atty., Washington, D.C., for U.S.

REVERCOMB, District Judge.

Upon the defendant's Motion to Suppress Evidence and Statements, the Court held an evidentiary hearing at which the government presented the testimony of the arresting officer, Marc Little, and at which the defendant also testified. Although the testimony of these two individuals is contradictory in many respects, the facts relevant to the basis for the Court's ruling are not disputed.

On March 31, 1991, Officer Little observed the defendant run from beside a car, where the defendant was speaking to someone inside the car, toward a house.[1] As the defendant ran, he was observed holding onto a bulge around his waist. Suspecting that the defendant was engaged in unlawful activity, Officer Little ordered the defendant to stop. When the defendant turned to face Officer Little, the officer observed a bulge in the defendant's crotch area. Believing the bulge to be a weapon, the Officer drew his service revolver and ordered the defendant to put his hands in the air.[2] The defendant did as he was told. Officer Little then lifted the defendant's sweater and discovered the top of a sock protruding from the defendant's waistband. The officer removed the sock and patted it. Officer Little testified that based on the pat, he concluded that the sock contained drugs and not a weapon. He then examined the contents of the sock and discovered 74 ziplock bags containing a rocklike substance.

Although the defendant raised many issues with the Officer's conduct in this case, the Court focuses on the nature and extent of the search conducted.[3] In the benchmark case of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Supreme Court established that a police officer is entitled to conduct a protective search in the form of a patdown of an individual reasonably believed to be armed and dangerous. The Court noted, however, that "[a] search for weapons in the absence of probable cause to arrest ... must, like any other search, be strictly circumscribed by the exigencies which justify its initiation." 392 U.S. at 25–26, 88 S.Ct. at 1882.

Generally, *Terry* searches consist of patdowns; however, numerous cases have approved searches without a preceding patdown where the exigent circumstances of the stop justify immediate action by the police. Such cases invariably involve threatening gestures or sudden movements by the person being searched or other conditions which courts have found to be sufficiently exigent to warrant an increased intrusion upon the defendant's person. *See e.g. Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) (Court found sufficient exigent circumstances where defendant reported to be carrying a weapon, defendant encountered sitting alone in his car in a high crime area late at night, and the defendant did not respond to the officer's request that he step out of his car).

Although the Court recognizes that the police may forego a patdown in certain circumstances, Officer Little's testimony does not establish that such circumstances existed in this case. The defendant apparently complied with the officer's request that he raise his hands. Moreover, the defendant made no threatening gestures or movements to suggest that, even if he was in fact armed, he had the present intent to use his weapon against the officer. "If the

---

1. The defendant testified that he had not been speaking to anyone at all before he was stopped by Officer Little.

2. According to the defendant, Officer Little's partner was with him during the stop, and the partner, not Officer Little, drew his revolver.

3. Although the defendant's version of the events leading to his stop by Officer Little varies significantly from that of the officer, the Court finds, based on the credible testimony of Officer Little, that the officer had a reasonable suspicion to believe that the defendant was engaged in unlawful conduct and, therefore, that Officer Little was justified in stopping the defendant.

officer suspects that there is a gun at a particular location, this is hardly an excuse for foregoing a patdown; if anything, it makes it more apparent than ever that the pat-down will be effective in confirming or dissipating that suspicion." 3 W.R. La-Fave *Search and Seizure* § 9.4(b), at 517 (2d ed. 1987). In this case, the Officer was not justified in removing the sock from beneath the defendant's clothing without first patting the observed bulge to confirm his suspicion that the bulge was a weapon. The additional intrusion upon the defendant's person was not warranted by the circumstances of the defendant's stop.

For the foregoing reasons, the defendant's Motion to Suppress Evidence is GRANTED. In addition, the Court finds that the statements made by defendant concerning the contents of the sock seized by Officer Little are tainted by the improper seizure. Accordingly, the defendant's Motion to Suppress Statements is also GRANTED.